# EXHIBIT A

IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS
SIXTEENTH JUDICIAL CIRCUIT

19-L-000568

ROMERO CHAVEZ, individually and on )
behalf of all others similarly situated, )
)
    Plaintiffs, )
)
v. ) No.
)
TOTAL SYSTEM SERVICES, INC. d/b/a )
NETSPEND and DOES 1-20, )
)
    Defendants. )

*Thomas M. Hartwell*
Clerk of the Circuit Court
Kane County, Illinois
11/14/2019 3:31 PM
FILED/IMAGED

## CLASS ACTION COMPLAINT

Now comes the Plaintiff, ROMERO CHAVEZ, by and through his attorneys, and brings this class action complaint against Defendants, TOTAL SYSTEM SERVICES, INC. d/b/a NETSPEND and DOES 1-20, individually and on behalf of a class and sub-class of all others similarly situated, pursuant to 735 ILCS 5/2-801, *et seq*. In support thereof, Plaintiff alleges and states as follows:

### PARTIES

1.     Plaintiff is an individual who at the time of the events described below was residing in St. Charles, Kane County, Illinois.

2.     On information and belief, Defendant TOTAL SYSTEM SERVICES, INC. d/b/a NETSPEND ("TSSI") is a corporation of the State of Georgia, which is registered with the Secretary of State to do business in Illinois, and whose principal place of business is located in Columbus, Georgia.

3.     The true names and capacities of the Defendants sued herein as DOES 1-20 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged

NOTICE
BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR
CASE MANAGEMENT CONFERENCE ON THE DATE BELOW.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING
DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.
Judge: Pheanis, Mark A                       1/30/2020 9:00 AM

herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known to him.

4. Plaintiff is informed and believes and thereupon alleges that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## CLASS ALLEGATIONS

5. Plaintiff brings claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following class (the "Class"):

> All individuals in the United States who held a valid Netspend Visa card account but were not able to deposit or transfer funds from a PayPal account into that Netspend card account, within three years prior to the filing of this lawsuit.

6. Plaintiffs also bring claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following sub-class (hereinafter the "Sub-Class"):

> All individuals in the State of Illinois who held a valid Netspend Visa card account but were not able to deposit or transfer funds from a PayPal account into that Netspend card account, within three years prior to the filing of this lawsuit.

7. The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

    a. Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and

      the State of Illinois who held a valid Netspend Visa card account but were not able to deposit or transfer funds into that Netspend card account, within three years prior to the filing of this lawsuit.

b.   There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

    i.   Whether Defendants' representations that consumers will be able to deposits or transfer funds into their Netspend Visa card accounts as alleged herein violates the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*;

    ii.   Whether Defendants' representations that consumers will be able to deposits or transfer funds into their Netspend Visa card accounts as alleged herein constitutes common law fraud;

    iv.   Whether Plaintiff, the Class, and the Sub-Class have suffered concrete and particularized injuries and harm as a result of Defendants' conduct; and

    vi.   Whether Plaintiff, the Class, and the Sub-Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and the proper measure and appropriate formula to be applied in determining such damages and restitution.

c. Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories.

d. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e. Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f. This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g. This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

4

h. Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

## ALLEGATIONS OF FACT

8. During or about 2015, Plaintiff opened a Netspend prepaid Visa card account.

9. NetSpend cards are branded, sold, distributed, and/or serviced by Defendant TSSI.

10. According to TSSI's NetSpend website, Netspend cardholders can "[u]se PayPal to add money to your card. Transferring funds to a Netspend Prepaid Card is a convenient way to transfer money for PayPal users." *See* https://www.netspend.com/help/faqs/.

11. On multiple occasions in 2017, Plaintiff took the appropriate steps to electronically transfer funds from his PayPal account onto his Netspend prepaid Visa card account. However, Plaintiff was unable to transfer the funds. Instead, Plaintiff repeatedly received incorrect error messages indicating that the account could not be linked and/or that his payment method was invalid.

12. When Plaintiff experienced the inability to transfer funds from his PayPal account onto his Netspend prepaid Visa card account as described above, Plaintiff first contacted PayPal for assistance. An employee, agent, and/or representative of PayPal told Plaintiff that there was nothing that PayPal could do for him because Netspend was not a "big bank."

13. When Plaintiff experienced the inability to transfer funds from his PayPal account onto his Netspend prepaid Visa card account as described above, Plaintiff also contacted TSSI for assistance. An employee, agent, and/or representative of TSSI told Plaintiff that there

was no problem and that if Plaintiff followed TSSI's Netspend banking steps with caution, he would be able to access the PayPal funds on his Netspend prepaid Visa card in two to three business days. However, despite having followed TSSI's Netspend banking steps with caution, Plaintiff was still unable to transfer the funds.

14. As a result of Plaintiff's inability to transfer the funds from his Paypal account onto his Netspend prepaid Visa card, Plaintiff was unable to pay for transportation to work and lost his job, which has had a negative effect on his employment prospects since that time.

15. As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries, harm, and damages, which include, but are not limited to, the following:

   a. Loss of monthly and transactional fees paid by Plaintiff despite the inability to use his Netspend prepaid Visa card account as advertised by Defendants and as intended by Plaintiff;

   b. Loss of employment due to Plaintiff's inability to pay for a ride to work because he could not transfer the funds from his PayPal account to his Netspend prepaid Visa card account as advertised, to pay for transportation to work; and

   c. Stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## COUNT I
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

16. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 above as if fully reiterated herein.

17. Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

18. Defendant TSSI is a "person" as defined in 815 ILCS 505/1(c), as it is a foreign corporation.

19. 815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

20. Through its failure to provide the ability to transfer funds from Plaintiff's PayPal account onto his Netspend prepaid Visa card account as described above, Defendants made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

21. Said false promises, misrepresentations, concealments, suppressions and omissions of material facts include, but are not limited to, statements that Plaintiff would be able to easily transfer funds from his PayPal account onto his Netspend prepaid Visa card account.

22. 815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...

7

>(c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

23. In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to 815 ILCS 505/2.

24. By reason thereof, Plaintiff is entitled to a judgment against Defendants, declaring that Defendants' conduct violated 815 ILCS 505/2, enjoining Defendants from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## COUNT II
## COMMON LAW FRAUD

25. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 24 above as if fully reiterated herein.

26. Defendants falsely represented that Plaintiff would be able to transfer funds from Plaintiff's PayPal account onto his Netspend prepaid Visa card account.

27. At the time Defendants made such representations to Plaintiff, it knew, or reasonably should have known, that the statements described above were false.

28. Plaintiff had a right to rely on the truth of such representations, as Plaintiff had no way to know that he would not be able to transfer funds from his PayPal account onto his Netspend prepaid Visa card account at the time he opened the Netspend account.

29. Plaintiff relied on the truth of such representations when he opened his Netspend prepaid Visa card account.

30. Defendants' representations were made with the purpose of inducing Plaintiff and

other members of the Class and the Sub-Class to rely upon them.

31. As a result of his reasonable reliance upon Defendants' false statements of material fact as set forth above, Plaintiff and other members of the Class and the Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, those listed above.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. Declaring that this action is properly maintainable as a Class Action, certifying Plaintiff as the Class and Sub-Class representative, and Plaintiff's counsel as the Class and Sub-Class counsel;

b. Awarding Plaintiff and the Class and Sub-Class all actual damages suffered;

c. Awarding Plaintiff and the Class and Sub-Class punitive damages;

d. Awarding Plaintiff reasonable attorneys' fees, litigation costs, and related expenses incurred in this Action;

e. Awarding pre-judgment interest and post-judgment interest as allowed by law; and

f. Awarding Plaintiff and the Class and Sub-Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to section 2-1105 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1105, Plaintiff demands a trial by jury on all issues in this action which are so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

ROMERO CHAVEZ

By: _____
David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

## AFFIDAVIT PURSUANT TO ILINOIS SUPREME COURT RULE 222(b)

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

The undersigned attorney for Plaintiff hereby certifies that the total of money damages sought in this Complaint does exceed $50,000, exclusive of interest, costs, and attorneys' fees.

_____
David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com